D. M. ROBERSON AND WIFE, ETHEL G. ROBERSON, v. W. D. BOONE, SUBSTITUTED TRUSTEE.

(Filed 21 September, 1955.)

**Mortgages § 30g—**

> Foreclosure may not be enjoined on the ground that the Federal Government had filed a tax lien against the lands, and that therefore the land would not sell at its true value because of the right of the Government to redeem the land under the provision of Title 28, USCA, sec. 2410, at any time within one year from the date of sale. G.S. 45-21.34.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Fountain, Special Judge,* April Term, 1955, of MARTIN.

This is an action instituted on 30 March, 1955, to restrain the defendant W. D. Boone, substituted trustee, from foreclosing a certain deed of trust on the plaintiffs' lands in Tyrrell County, North Carolina, securing an indebtedness in the principal sum of $36,400.00, plus interest, which indebtedness is past due and unpaid.

On 1 October, 1951, the United States Government filed a tax lien in the office of the Register of Deeds of Tyrrell County against the plaintiffs in the principal sum of $63,058.45, plus interest, and on 14 January, 1955, filed an amended tax lien reducing the amount of such lien to $62,624.55, plus interest.

A temporary restraining order was obtained on the alleged ground that, since the United States Government has one year from the date of the sale of lands foreclosed under a lien superior to its lien, to redeem such lands under the provision of Title 28, USCA, section 2410, the land will not sell for its true value at public auction under the power of sale in said deed of trust.

When the cause came on for hearing in the trial below, the court vacated and dissolved the temporary restraining order. The plaintiffs appeal, assigning error.

*Peel & Peel and Rodman & Rodman for plaintiffs.*
*W. D. Boone for defendant.*

PER CURIAM. The plaintiffs contend that under the provisions of G.S. 45-21.34, they are entitled to have the ruling of the court below reversed and the temporary restraining order continued to the hearing.

In our opinion, no legal or equitable ground has been shown that would justify the continuance of the temporary restraining order heretofore issued in this cause, pursuant to the provisions of the above statute or otherwise. Hence, the ruling of the court below is
Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.